# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

MARIO TREJO,

            Plaintiff,

v.

CCDC, ET AL.,

            Defendants.

Case No. 2:19-cv-00342-APG-DJA

**ORDER AND
REPORT AND RECOMMENDATION**

      This matter is before the Court on pro se prisoner Plaintiff's Motion to Substitute Defendants (ECF No. 15) and Motion for Appointment of Counsel (ECF No. 16), both filed on August 14, 2019.

      Plaintiff is a pro se prisoner in the custody of the Clark County Detention Center. He was permitted to proceed *in forma pauperis* on July 22, 2019. (ECF No. 11). At that time, his Complaint was screened by the District Judge assigned to this case pursuant to 28 U.S.C. § 1915A(a) and he was permitted to proceed on: a 14th Amendment inadequate medical care claim against Defendants Nurse Jennifer, Nurse Nancy, and Doe medical staff (when Plaintiff learns their identities). (*Id.*). Now Plaintiff indicates that he has learned sufficient information to confirm the identifies and wishes to substitute the Defendants as follows:

- Nancy Goodman for current Defendant Nurse Nancy
- Naphcare, Inc., Lee Harrison, Bradley J. Cain, Susanne Moore, Jim Mclane, Bradford Mclane, Emily Feely, Jeffrey Alvarez, and Larry D. Williamson for Defendant Naphcare admin (not a current Defendant).
- Metropolitan Police Department, Clark County, Jeff Wells, Deputy Chief Myers, and Sheriff Joseph Lombardo for Defendant CCDC (dismissed with prejudice).

| 1  | The Court will only recommend that the first substitution be granted to permit Defendant |
| 2  | Nurse Nancy to be specified as Nancy Goodman. The prior Order ECF No. 11 clearly permitted |
| 3  | Defendant to substitute Nancy's true identity once Plaintiff learned it. (ECF No. 11, pg. 7, fn 2 |
| 4  | (describing UMC Doe personnel)). |

However, the Court's Order ECF No. 11 did not permit Plaintiff to proceed against CCDC nor were Naphcare admin named in the Complaint that was screened. Plaintiff has not filed an amended complaint to permit the Court to determine what factual allegations and claims he is attempting to assert against the various individuals named for his proposed substitution related to Naphcare admin. Indeed, the Court screened allegations related to his treatment at UMC and the Doe medical staff there, but did not permit substitution related to Naphcare personnel. Similarly, the Court has insufficient information to find that Plaintiff's proposed substitution with respect to CCDC is warranted, especially given that CCDC was dismissed with prejudice. (ECF No. 11, pg. 10).

As for Plaintiff's Renewed Motion for Appointment of Counsel, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues

involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. Here, the Court does not find any exceptional circumstances. Upon review of Plaintiff's Complaint and supporting documents, it is not clear that Plaintiff's claims are likely to succeed on the merits. Further, the claims, such as they are, are not complex. Finally, there has been no change that justifies reconsideration of the Court's prior Order (ECF No. 11) denying Plaintiff's prior request for appointment of counsel. Although Plaintiff indicates that he is currently unable to speak, he is able to write, as evidenced by the current motions and thus, it is not grounds for a change in the Court's decision. The Court will therefore deny the motion.

## ORDER

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 16) is **denied**.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Substitute Defendants (ECF No. 15) is **granted in part and denied in part**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 14, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE