UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIO TREJO, | Case No. 2:19-cv-00342-APG-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CCDC, ET AL., | |
| Defendants. | |

This matter is before the Court on *pro se* prisoner Plaintiff's Motion to Amend Complaint (ECF No. 30), filed on February 10, 2021.

Plaintiff is a *pro se* prisoner in the custody of the Clark County Detention Center. He was permitted to proceed *in forma pauperis* on July 22, 2019. (ECF No. 11). At that time, his Complaint was screened by the District Judge assigned to this case pursuant to 28 U.S.C. § 1915A(a) and he was permitted to proceed on: a 14th Amendment inadequate medical care claim against Defendants Nurse Jennifer, Nurse Nancy, and Doe medical staff (when Plaintiff learns their identities). (*Id.*). On February 3, 2020, the Court granted in part and denied in part Plaintiff's Motion to Substitute and permitted Nancy Goodman to be substituted. (ECF No. 19).

Then, on February 7, 2020, Plaintiff was notified that no proper proof of service had been filed as to Defendants Dr. Weiner, Nurse Jennifer, and Nancy Goodman and the dismissal deadline as to those Defendants was set for March 8, 2020. (ECF No. 20). As a result, Plaintiff requested an extension of time to serve. (ECF No. 21). The Court granted his request and summons was issued as to Nancy Goodman. (ECF Nos. 22-23). The Summons was returned unexecuted as to Nancy Goodman on July 1, 2020. (ECF No. 24).

Again, Plaintiff sought another attempt of service for Nancy Goodman at the same address, CCDC, because he alleges that she was on vacation during the first attempt. The Court

permitted a second attempt of service by the United States Marshal's Service. (ECF No. 26). Summons was returned unexecuted again. (ECF No. 28). The Clerks' Office issued a notice that this case may be dismissed pursuant to Fed.R.Civ.P. 4(m) on February 10, 2021 to the extent that service was not executed.

In the instant Motion, Plaintiff yet again seeks another extension of time to complete service. However, he fails to cite to any points and authorities to justify why granting him any more time would be effective as he has been unable to complete service since the complaint was permitted to survive screening back on July 22, 2019. Additionally, the Court has already granted two extensions of time to complete service. This time, Plaintiff does not show any diligence in utilizing those extensions. Further, he does not demonstrate that he has any plan to be successful in completing service if a third extension were to be granted. As such, the Court will recommend that his request be denied and this case be dismissed for lack of service.

Moreover, Plaintiff appears to request that this case be severed into three separate cases against Dr. Weiner, Nurse Jennifer, and Nancy Goodman. Plaintiff fails to cite to any points and authorities that justify severing this case simply because he states claims against three different defendants. The Court permitted this case to survive screening as one case due to it containing allegations against defendants involving the same nucleus of operative facts.

Therefore, the Court will recommend that Plaintiff's request for a third extension of time to complete service and to sever the case into three new cases be denied. Given that Plaintiff has failed to complete service by the February 10, 2021 deadline, the Court will also recommend that it be dismissed without prejudice.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Amend Complaint (ECF No. 30) be **denied**.

IT IS FURTHER RECOMMENDED that this case be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

/ / /

/ / /

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 16, 2021.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE